Wu v. Sessions

BIA
Segal, IJ
A200 283 647

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand seventeen.

PRESENT:
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

JIAN YING WU,
> *Petitioner,*

v.                                                    16-1084
                                                      NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Michael Brown, New York, NY.

FOR RESPONDENT:        Joyce R. Branda, Acting Assistant
                       Attorney General; Stephen J. Flynn,
                       Assistant Director; Jeffrey R.
                       Meyer, Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Ying Wu, a native and citizen of the People's Republic of China, seeks review of a March 23, 2016, decision of the BIA, affirming a July 3, 2014, decision of an Immigration Judge ("IJ") denying Wu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Ying Wu,* No. A200 283 647 (B.I.A. Mar. 23, 2016), *aff'g* No. A200 283 647 (Immig. Ct. N.Y. City July 3, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Wu's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the

2

circumstances," base a credibility finding on inconsistencies in an applicant's and her witness's statements, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 167.  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  Substantial evidence supports the adverse credibility determination in this case.

Wu testified that, on one occasion in 2014, she and her husband visited her witness Ye Qing's home and that she met Qing's wife.  This conflicted both with Wu's husband's testimony (he denied meeting Qing's wife) and Qing's testimony (he and his wife divorced in 2001 and he lived only with his child).  The agency reasonably concluded that this "blaringly inconsistent" testimony could not be rectified with an explanation. *Cf. Ming Shi Xue v. BIA*, 439 F.3d 111, 122, n.13 & 125 (2d Cir. 2006) (where the "inconsistency is 'dramatic' or obvious on its face . . . the petitioner can be assumed to be aware-without being told-of the need to explain it").  And

Wu's current explanation—that she assumed the woman she met at Qing's home was his wife—does not compel a contrary conclusion: neither Wu's husband nor Qing testified that a woman was present during that visit. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (quoting *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 77, 76 (2d Cir. 2004))).

The agency also reasonably relied on inconsistencies concerning the last time Wu, her husband, and Qing dined together. Wu's husband testified that they last saw each other for breakfast two days before the merits hearing. But Qing testified that they last dined together more than a month earlier and emphasized that he had not seen Wu or her husband since that date. When asked to reconcile this testimony, Qing tried to explain away the more recent meeting, stating that they "bumped into each other on the street" and decided to go to breakfast on a whim. The agency reasonably concluded that this was not "a persuasive explanation" for the inconsistency because it did not resolve Qing's initial testimony that he had

4

not seen Wu and her husband in over a month. *See Majidi*, 430 F.3d at 80. Wu's current explanation that Qing and her husband "were describing two separate incidents" similarly misses the mark because it also does not resolve when they *last* saw each other. *See id.*

The agency also reasonably relied on Wu's husband's internally inconsistent testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Wu's husband testified that he worked in Queens, detailing his drive there from his home in Brooklyn. But when confronted with a copy of his W-2, listing an employer in Manhattan, he changed his testimony, denied ever working in Queens, and gave reasons why he commuted to Manhattan by bus, rather than driving. The IJ was not compelled to accept Wu's husband's explanation—that his accountant was in Queens—because he was asked how he got to work, not how he got to his accountant's office. *See Majidi*, 430 F.3d at 80.

Wu now argues that it was error for the IJ to rely on this inconsistency given her husband's testimony "that he does not have one stable job." While it is true that Wu's husband testified that he had worked as a cook in Maryland and traveled

back and forth to New York, this explanation again misses the mark because the inconsistency concerned Wu's husband's testimony about his work in *New York*. *See Majidi*, 430 F.3d at 80.

While seemingly minor, these inconsistencies taken together are significant, because they call into question Wu's relationship with Qing and, thus, whether Qing actually witnessed Wu practicing Falun Gong. That, in turn, calls into question whether Wu practices Falun Gong and thus whether she was ever harmed in China on that basis. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (finding that "where an IJ's finding of fabrication (supported by substantial evidence) serves as the basis for discrediting other evidence, a reviewing court is in no position to conclude that the discrediting of the remaining evidence is unsupported by substantial evidence").

Given these inconsistencies, which undermined Wu's credibility, it cannot be said "that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *see also Siewe*, 480 F.3d at 170. The adverse credibility determination is dispositive of asylum,

withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Because we have completed our review, Wu's pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk